| AO-10 (WP) Rev. 1/2006 | FINANCIAL DISCLOSURE REPORT<br>FOR CALENDAR YEAR 2005 | Report Required by the Ethics in Government Act of 1978, (5 U.S.C. app. §§101-111) |
|---|---|---|

| 1. Person Reporting (Last name, first, middle initial)<br><br>Easterbrook, Frank H. | 2. Court or Organization<br><br>Seventh Circuit | 3. Date of Report<br><br>4/7/06 |
|---|---|---|

| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time)<br><br>Circuit Judge (Active) | 5a. Report Type (check appropriate type)<br>___ Nomination, Date _____<br>___ Initial   X   Annual   ___ Final<br>5b. ___ Amended Report | 6. Reporting Period<br><br>1/1/05 to 12/31/05 |
|---|---|---|

| 7. Chambers or Office Address<br>219 South Dearborn Street<br>Chicago, Illinois 60604 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations.<br><br>Reviewing Officer _____ Date_____ |
|---|---|

*IMPORTANT NOTES: The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of Instructions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| NONE (No reportable positions.) | |
| Senior Lecturer | University of Chicago |
| | |
| | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of Instructions.)*

| DATE | PARTIES AND TERMS |
|---|---|
| X NONE (No reportable agreements.) | |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of Instructions.)*

### A. Filer's Non-Investment Income

| DATE | SOURCE AND TYPE | INCOME |
|---|---|---|
| | NONE (No reportable non-investment income.) | |
| | University of Chicago – salary (see Part VIII) | $23,365.00 |
| | Harvard University Press – royalty | $ 553.04 |
| | Thomson West – royalty | $ 565.80 |

### B. Spouse's Non-Investment Income - If you were married during any portion of the reporting year, please complete this section. (dollar amount not required except for honoraria)

| | | |
|---|---|---|
| | NONE (No reportable non-investment income.) | |

## IV. REIMBURSEMENTS -- transportation, lodging, food, entertainment.
*(Includes those to spouse and dependent children. See pp. 25-27 of Instructions.)*

| | SOURCE | DESCRIPTION |
|---|---|---|
| | **NONE** (No such reportable reimbursements.) | |
| 1 | | |
| 2 | Separate sheet attached | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

## V. GIFTS. *(Includes those to spouse and dependent children. See pp. 28-31 of Instructions.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| | **NONE** (No such reportable gifts.) | | |
| 1 | | | $ |
| 2 | Union League Club of Chicago | Signing privileges (see Part VIII) | $ |
| 3 | | | $ |
| 4 | | | $ |

## VI. LIABILITIES. *(Includes those of spouse and dependent children See pp. 32-33 of Instructions.)*

| | CREDITOR | DESCRIPTION | VALUE CODE* |
|---|---|---|---|
| X | **NONE** (No reportable liabilities.) | | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

*Value Codes:   J=$15,000 or less   K=$15,001-$50,000   L=$50,001-$100,000   M=$100,001-$250,000
N=$250,001-$500,000   O=$500,001-$1,000,000   P1=$1,000,001-$5,000,000
P2=$5,000,001-$25,000,000   P3=$25,000,001-50,000,000   P4=$50,000,001 or more

# FINANCIAL DISCLOSURE REPORT

| Name of Person Reporting | Date of Report |
|---|---|
| Easterbrook, Frank H. | 4/7/06 |

## VII. Page 1 INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of
### spouse and dependent children. See pp. 34-60 of Instructions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure. | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amt. Code1 (A-H) | (2) Type (e.g., div., rent or int.) | (1) Value Code2 (J-P) | (2) Value Method Code3 (Q-W) | (1) Type (e.g., buy, sell, merger, redemption) | (2) Date Month-Day | (3) Value Code2 (J-P) | (4) Gain Code1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| NONE (No reportable income, assets, or transactions.) | | | | | | | | | |
| 1 Vanguard Index Fund (mutual fund) | E | Div. | O | T | See Part VIII | | | | |
| 2 Vanguard Money Market Trust (mutual fund) | A | Div. | J | T | See Part VIII | | | | |
| 3 Vanguard Municipal Bond Fund | E | Div. | O | T | See Part VIII | | | | |
| 4 Vanguard Retirement Portfolio (mutual fund; | E | Cap. Gain + Div. | O | T | See Part VIII | | | | |
| 5 blocked access) | | | | | | | | | |
| 6 First National Bank of Chicago (checking account) | A | Int. | K | T | | | | | |
| 7 | | | | | | | | | |
| 8 | | | | | | | | | |
| 9 | | | | | | | | | |
| 10 | | | | | | | | | |
| 11 | | | | | | | | | |
| 12 | | | | | | | | | |
| 13 | | | | | | | | | |
| 14 | | | | | | | | | |
| 15 | | | | | | | | | |
| 16 | | | | | | | | | |
| 17 | | | | | | | | | |

| 1 | Income/Gain Codes: (See Col. B1, D4) | A=$1,000 or less F=$50,001- $100,000 | B=$1,001-$2,500 G=$100,001-$1,000,000 | C=$2,501-$5,000 H1=$1,000,001-$5,000,000 | D=$5,001-$15,000 H2=More than $5,000,000 | E=$15,001-$50,000 |
|---|---|---|---|---|---|---|
| 2 | Value Codes: (See Col. C1, D3) | J=$15,000 or less N=$250,001-$500,000 P3=$25,000,001-$50,000,000 | K=$15,001-$50,000 O=$500,001-$1,000,000 | L=$50,001-$100,000 P1=$1,000,001-$5,000,000 P4=More than $50,000,000 | M=$100,001-$250,000 P2=$5,000,001-$25,000,000 | |
| 3 | Value Method Codes (See Col. C2) | Q=Appraisal U=Book value | R=Cost (real estate only) V=Other | S=Assessment W=Estimated | T=Cash/Market | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| | Easterbrook, Frank H. | 4/7/06 |

## VIII.  ADDITIONAL INFORMATION OR EXPLANATIONS  (Indicate part of Report.)

Separate sheet attached.

## IX.  CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353 and Judicial Conference regulations.

Signatur [redacted]                                       Date    4/7/06

NOTE:  ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104.)

**FILING INSTRUCTIONS:**

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the
United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

IV. REIMBURSEMENTS.

| The Federalist Society | Travel reimbursement |
| Harvard Law School | 2/25/05 to 2/27/05 |
| Cambridge, Massachusetts | |

The Federalist Society        Travel reimbursement
Harvard Law School            2/25/05 to 2/27/05
Cambridge, Massachusetts

Fordham University            Travel reimbursement
New York, New York            3/7/05 to 3/8/05

New York University           Travel reimbursement
New York, New York            4/11/05 to 4/12/05

ALEA                          Travel reimbursement
New York University           5/5/05 to 5/7/05
School of Law
New York, New York
(Paid by the University of Chicago)

IPIL/Houston Sante Fe Conference    Travel reimbursement
Sante Fe, New Mexico                6/2/05 to 6/4/05
(Paid by University of Houston)

The Federalist Society        Travel reimbursement
Washington, D.C.              11/10/05 to 11/12/05

 Yale Law School              Travel reimbursement
                                  12/4/05 to 12/5/05

Note:  Travel reimbursements for judicial business and
other governmental reimbursements also omitted.

VIII. ADDITIONAL INFORMATION or EXPLANATIONS.

1. (Part III): I have received the approval of the Chief Judge to teach at the University of Chicago. This income therefore is "outside earned income" rather than an "honorarium" within the meaning of the Ethics Reform Act of 1989. I accepted gross income exceeding the statutory cap (15% of Level II of the Executive Schedule) because, under §3(b) of the regulations of the Judicial Conference implementing this statute, "outside earned income" includes only net taxable income, and therefore excludes pension contributions as well as the "ordinary and necessary expenses paid or incurred in producing this income." Some of the income reported in Part III was contributed to a pension plan through the University of Chicago as part of a salary reduction plan and therefore does not count for statutory purposes. Moreover, the ordinary and necessary expenses of producing the income—including the cost of commuting between the courthouse and the Law School, fees for parking at the University, and the expenses of equipment and books for my Law School office—are substantial. Net taxable income is less than the statutory maximum.

2. (Part V) The Union League Club extends to federal judges the privilege of using the Club's facilities without formal membership. During 2005 it charged $60 per month for these privileges.  The difference between this and the market value is a gift, but whether there is any difference and, if so, its size, is difficult to determine. Judges pay the same for meals, haircuts, and other services as do regular members of the Club.

3. (Part VII): Dividends and capital gain distributions from the mutual funds marked "See Part VIII" are reinvested automatically monthly. Shares were purchased and sold in the Vanguard Money Market Trust occasionally. I treat this as a checking account, and as in past years I do not report these flows (as opposed to year-end balances). No shares of any other fund were sold in 2005.

4. (Part VII): While I was employed full-time by the University of Chicago preceding my appointment to the court, and again since 1992, pension contributions under a defined contribution plan were made on my behalf. TIAA—CREF holds the funds contributed before 1983 (value code M).

VIII. ADDITIONAL INFORMATION or EXPLANATIONS Continued.

Pension contributions since 1983, and supplemental
retirement annuity contributions since 1982, are held by
the Vanguard Group, which also holds pension contributions
made on my behalf during 1981—84 by Lexecon Inc., plus
IRA contributions during that period. "Vanguard Retirement
Portfolio" is an umbrella designation for these assets.
Access to all funds in the Vanguard Retirement Portfolio is
blocked until I reach retirement age. Vanguard invests
these monies in four of its funds: Vanguard Money Market
Reserves Prime Portfolio; Vanguard Fixed Income Securities
Fund Long-Term Corporate; Vanguard Fixed Income Securities
Fund High-Yield Corporate; and Vanguard International Value
Portfolio. Investments within the Vanguard Retirement
Portfolio may change from time to time, but only from one
mutual fund to another (never to stock in an individual
firm), making a consolidated listing desirable.